NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE FERMIN AND JUAN CARLOS FERMIN,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL AUTOMATION CONTROL LLC AND HOWMEDICA OSTEONICS CORP.,<br><br>Defendants. | Civil Action No: 16-2731-SDW-LDW<br><br><br>**OPINION**<br><br><br>May 23, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant Howmedica Osteonics Corp.'s ("Howmedica") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) directing Defendant Industrial Automation Control LLC ("Industrial") to indemnify and hold Howmedica harmless in this action. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion for Judgment on the Pleadings is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jose Fermin resides in Paterson, New Jersey and was employed by Industrial from the summer of 2004 until September 17, 2014. (Am. Compl. ¶¶ 1, 7.) Plaintiff Juan Carlos Fermin

1

resides in Bronx, New York and was employed by Industrial from the summer of 2005 until September 17, 2014. (*Id*. ¶¶ 2, 8.) While employed by Industrial, Plaintiffs were assigned to work at a Howmedica facility in Mahwah, New Jersey, during which time Plaintiffs allege that they worked in excess of forty hours a week but were not paid overtime. (*Id*. ¶¶ 9, 10, 12.)

On May 13, 2016, Plaintiffs brought suit against Defendants pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a to -56a30, for Industrial's failure to compensate them in accordance with federal and state overtime laws and regulations. (*Id*. ¶¶ 19-20.) Plaintiffs filed an Amended Complaint on March 30, 2017.

Defendant Howmedica filed its answer on April 11, 2017, and pled that it had entered into an Independent Contractor Agreement with Industrial (the "Agreement") on or about June 25, 2010, pursuant to which, Industrial "deployed its employees to provide services at Howmedica's New Jersey facility." (Dkt. No. 46 at 7.) Paragraph 4(d) of the Agreement provides that Industrial's "actions and performance of Services are and shall be in full compliance with all applicable federal, state, and local laws, statutes, acts, ordinances, rules, codes, standards and regulations." (Dkt. No. 46-1 ¶ 4(d).) The Agreement further provides that Industrial would "indemnify and hold [Howmedica] harmless from any and all costs, expenses, claims or liabilities relating to the actions of, or injuries to, [Industrial], or arising out of [Industrial's] breach of its representations and warranties or failure to perform [Industrial's] obligations under this Agreement." (*Id*. ¶ 7.) The Agreement also expressly states that "[a]ny person employed by [Industrial] to perform hereunder shall not be deemed to be an employee of [Howmedica] . . .." (*Id*. ¶ 5(a).)

Howmedica filed the instant motion on April 19, 2017 and Plaintiffs filed their opposition on May 1, 2017. Howmedica's reply brief was due May 8, 2017, but was not filed until May 19, 2017, four days after the motion return date.

**II.     LEGAL STANDARD**

When examining a motion for judgment on the pleadings under Fed. R. Civ. Proc. 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id*. Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id*. The court may rely only on the pleadings and documents integral to or relied on by the complaint. *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3d Cir. 2004). Therefore, this Court must review the Agreement between Industrial and Howmedica. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

**III.    DISCUSSION**

The question before this Court is strictly a legal one – whether or not the contractual language of the Agreement requires Industrial to indemnify Howmedica. *See Jacobs Constructors, Inc. v. NPS Energy Serv., Inc.*, 264 F.3d 365, 371 (3d Cir. 2001) (stating that the "construction of an indemnity contract is a question of law for the court to decide"). Here, the language of the Agreement is clear and unambiguous and will "be given its plain and ordinary meaning." *Visiting Nurse Ass'n v. St. Paul Fire Ins. Co.*, 65 F.3d 1097, 1100 (3d Cir. 1995). Industrial was Plaintiffs' employer during the period in question. The terms of the Agreement make Industrial responsible for complying with federal and state overtime laws for its employees. Industrial agreed to

3

indemnify Howmedica for "any and all costs, expenses, claims or liabilities relating to the actions of, or injuries to, [Industrial], or arising out of [Industrial's] breach of its representations and warranties or failure to perform [Industrial's] obligations under" the Agreement. (Dkt. No. 46-1 ¶ 7.) If Plaintiffs were not properly paid overtime, Industrial has breached its obligations and must indemnify Howmedica in this action under the clear terms of the Agreement.[1] Therefore, this Court will grant Howmedica's motion.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Howmedica's Motion for Judgment on the Pleadings is **GRANTED.** An appropriate order follows.

    /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk  
cc:         Leda D. Wettre, U.S.M.J.  
             Parties

---

[1] This Court finds no merit in Plaintiffs' argument that Howmedica is equally liable as a "joint employer" or that Howmedica is seeking "indemnification for its own negligence." (Pls.' Opp. Br. 10-11.) This issue here is strictly if Plaintiffs were paid for overtime – and as employees, their payment flowed through Industrial.